# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JEFFERY TYLER FLORY,

          Plaintiff,

          v.

UNKNOWN INTAKE DEPARTMENT
OF CORRECTIONS OFFICERS #1
AND #2,

          Defendants.

Case No. 3:23-cv-00060-SLG

## STANDING ORDER FOR CIVIL RIGHTS CASES
## FILED BY SELF-REPRESENTED PRISONERS

The Clerk has received filings from a self-represented litigant and docketed the filing and assigned a case number in the Case Management/Electronic Case Files (CM/ECF) system.  Docketed items are the official court record.  As required by federal law, the Court will now "screen" the filing to ensure it is appropriate for litigation.  **Please note:  This process can take anywhere from a few weeks to a few months, depending on how many cases are filed with the Court at any given time.  Typically, cases are reviewed in the order in which they are received by the Court.**

This order is intended to provide general information about civil litigation to self-represented litigants.  It is not a substitute for legal advice from an attorney.  While the Court may act with leniency towards a self-represented litigant, attorneys and self-represented litigants are expected to follow the same rules and

procedures.[1] Until a screening order has been issued, the Court discourages the filing of any motions or documents with the court. The Court cautions that filing unnecessary motions before the screening order is issued may result in the summary denial of motions, orders prohibiting such filings, or delay in the litigation.

In civil cases where a self-represented litigant is currently incarcerated, federal law requires the Court conduct a screening review of the claims made in the Complaint, even if the filing fee has been paid. Under 28 U.S.C. §§ 1915, 1915A, a case must be dismissed, if the action is:

- frivolous or malicious;

- fails to state a claim on which relief may be granted; or

- seeks damages from a defendant who is immune from such relief.

If the Court finds your filings deficient, the Court may provide a statement of the deficiencies and guidance on to how to fix any deficiencies. However, if the Court finds that the deficiencies cannot be fixed, the Court may dismiss the case without any further notice or guidance or give you an opportunity to voluntarily withdraw your filing.[2] Please note, federal law requires that self-represented

---

[1] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[2] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

prisoners receive a strike if the case is dismissed at screening under 28 U.S.C. §§ 1915 or 1915A.[3]

If the Court finds that plausible claims exist in the filings, then the case can proceed to the next stage of litigation. The Court will then issue an Order Directing Service and Response explaining the requirements of completing service on the opposing party. Upon the Court's direction, all service must be performed in accordance with Rule 4 of Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED:**

1. Self-Represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court Orders.[4] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

2. Self-Represented litigants must diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

---

[3] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." *See also Lomax v. Ortiz-Marquez, et al.* 590 U.S. ___, 140 S.Ct. 172 (2020).

[4] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1 et al*
Standing Order for Self-Represented Prisoners
Page 3 of 5
Case 3:23-cv-00060-SLG   Document 3   Filed 04/10/23   Page 3 of 5

3. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[5] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

4. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from Self-Represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

5. When the Court receives a filing in this case, the Clerk's Office will mail to you a Notice of Electronic Filing ("NEF") that indicates when the document was filed and the docket number of the document in the electronic case file for this case.

---

[5] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1 et al*
Standing Order for Self-Represented Prisoners
Page 4 of 5

Case 3:23-cv-00060-SLG   Document 3   Filed 04/10/23   Page 4 of 5

6. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.  Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page.  In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

7. All case-related inquiries should be directed to the Clerk's Office.  It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case or any other court employee.  Contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources.  Please note that Clerk's Office staff are prohibited by law from providing legal advice.

8. The Clerk of Court is directed to send the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" with this order.

DATED this 10th day of April, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1 et al*
Standing Order for Self-Represented Prisoners
Page 5 of 5

Case 3:23-cv-00060-SLG   Document 3   Filed 04/10/23   Page 5 of 5