# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JEFFERY TYLER FLORY,

    Plaintiff,

    v.

UNKNOWN INTAKE DEPARTMENT OF CORRECTIONS OFFICERS #1 AND #2,

    Defendants.

Case No. 3:23-cv-00060-SLG

## ORDER GRANTING LIMITED DISCOVERY

On March 14, 2023, self-represented prisoner Jeffrey Flory ("Plaintiff") filed a civil rights complaint ("Complaint") against two unidentified officers employed by the Department of Corrections at the Matanuska-Susitna Correctional Center pretrial facility. The Court has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed, the Complaint appears to state a plausible claim for violations of Plaintiff's rights under the Fourteenth Amendment. This means that the claims will not be summarily dismissed at this time but may proceed to the next stage of litigation.

Although courts do not generally favor actions against "unknown" defendants, a plaintiff may sue unnamed defendants when the identity

of the alleged defendants is not known before filing the complaint.[1] In this case, the Court finds that limited discovery is appropriate to the extent that Plaintiff needs further information to identify these Defendants and proceed with this action.[2]

Therefore, the Court will grant Plaintiff **120 days** from the date of this order to discover the true full names of the fictitiously named Defendants and to substitute at least one of the Defendants' actual names by filing a "Notice of Substitution." To expedite this matter, the Court will direct the Clerk of Court to issue a subpoena as outlined below. The Court may dismiss without prejudice this action without further notice to Plaintiff if Plaintiff fails to timely file a Notice of Substitution identifying at least one of the fictitiously named Defendants unless Plaintiff seeks and is granted an extension of time.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has **120 days** from the date of this order in which to discover, by subpoena or otherwise, the identity of one or more of the fictitiously named Defendants <u>and</u> to file a "Notice of Substitution" for one or more of the fictitiously named Defendants.

---

[1] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

[2] *See, e.g., Young v. Transportation Deputy Sheriff I*, 340 F. App'x 368, 369 (9th Cir. 2009) (vacating judgment and remanding state prisoner civil rights action against Doe defendants with instruction that the plaintiff "be allowed an opportunity to discover [their] names"); *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

2. The Clerk of Court is directed to **complete and issue a subpoena** on Plaintiff's behalf as follows:

    a. The subpoena shall be directed to Commissioner Jen Winkelman, 550 West 7th Avenue, Suite 1800, Anchorage, AK 99501.

    b. The subpoena shall direct Commissioner Winkelman to disclose the true full names of any correctional officers:

        i. involved in transporting Plaintiff on July 23, 2022;

        ii. involved in the intake process once Plaintiff arrived at the facility on July 23, 2022; and

        iii. working in the housing units where Plaintiff was located on August 2-3, 2022.

    c. The subpoena shall direct that Respondent provide the information identified in the subpoena to Plaintiff Jeffery Tyler Flory, # 499461, at Goose Creek Correctional Center, 22031 West Alsop Road, Wasilla, AK 99623 within **45 days.**

3. Upon issuance of the subpoena, the Clerk is further directed to provide the subpoena and a copy of this order to the United States Marshal's Service.

4. Within **ten (10) days** from the date of this order, the U.S. Marshals Service is directed to serve the subpoena, along with a copy of this order, upon Commissioner Jen Winkelman pursuant to Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C. § 566(c), and 28 U.S.C. § 1915(d).

5. Within **ten (10) days** after the subpoena has been served, the U.S. Marshals Service shall file the return of service.

6. Within **forty-five (45) days** following personal service of the subpoena, Commissioner Jen Winkelman, or her designee, must file a notice in this case stating when and how she complied with the subpoena.

7. The Court may enter an order dismissing this action for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a Notice of Substitution within **120 days** from the date of this order for at least one of the fictitiously named Defendants, unless Plaintiff seeks and is granted an extension of time.

DATED this 12th day of July, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1, et al.*
Order Granting Limited Discovery
Page 4 of 4
Case 3:23-cv-00060-SLG   Document 4   Filed 07/12/23   Page 4 of 4