# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFFERY TYLER FLORY,<br><br>              Plaintiff,<br><br>      v.<br><br>UNKNOWN INTAKE DEPARTMENT OF CORRECTIONS OFFICERS #1 AND #2,<br><br>              Defendants. | Case No. 3:23-cv-00060-SLG |

## ORDER RE MOTION FOR ADDITIONAL DISCOVERY AND MOTION FOR APPOINTED COUNSEL

On March 14, 2023, self-represented prisoner Jeffrey Flory ("Plaintiff") filed a civil rights complaint ("Complaint") against two unidentified officers employed by the Department of Corrections at the Matanuska-Susitna Correctional Center pretrial facility.[1] On July 12, 2023, the Court ordered limited to discovery and accorded Plaintiff 120 days to discover and substitute the true full names of the fictitiously named Defendants.[2] On August 9, 2023, Plaintiff filed two motions: a

---

[1] Dockets 1-2.

[2] Docket 4.

*Motion for Additional Discovery* at Docket 5, and a *Motion for Appointment of Counsel* at Docket 6.

## Motion For Additional Discovery

The U.S. Marshal did not serve a copy of the Court's July 12 order granting limited discovery and the Court issued subpoena upon Commissioner Jen Winkelman until August 22, 2023.[3] The July order accords Commissioner Jen Winkelman, or her designee, forty-five (45) days following personal service of the subpoena to file a notice in this case stating when and how she complied with the subpoena. That deadline has not yet passed. Before receiving any response to the subpoena, Plaintiff cannot demonstrate the information that has been ordered to be provided to him will be insufficient for Plaintiff to identify the unnamed defendants. Therefore, Plaintiff's motion for additional discovery at Docket 5 is **DENIED without prejudice.** Plaintiff can renew the motion as necessary after the Commissioner has complied with the subpoena.

## Motion to Appoint Counsel

A litigant has no federal right to an appointed attorney in a civil action.[4] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district

---

[3] Docket 8.

[4] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1, et al.*
Order re Motion for Additional Discovery and Motion for Appointed Counsel
Page 2 of 4

Case 3:23-cv-00060-SLG   Document 10   Filed 09/15/23   Page 2 of 4

court's decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[5]

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).[6] The Court finds that on the current record, the Court cannot evaluate Plaintiff's likelihood of success on the merits, but it appears that Plaintiff is able to adequately articulate his claims and that this is not particularly complex case, such that this case does not present "exceptional circumstances" that necessitate the assistance of counsel. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

---

[5] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[6] *Id.*; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1, et al.*
Order re Motion for Additional Discovery and Motion for Appointed Counsel
Page 3 of 4
Case 3:23-cv-00060-SLG   Document 10   Filed 09/15/23   Page 3 of 4

For these reasons, Plaintiff's motion for court-appointed counsel at Docket 6 is **DENIED without prejudice.**

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for additional discovery at Docket 5 is **DENIED without prejudice**.

2. Plaintiff's motion for court-appointed counsel at Docket 6 is **DENIED without prejudice.**

DATED this 15th day of September 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00060, *Flory v. Unknown Intake DOC Officer #1, et al.*
Order re Motion for Additional Discovery and Motion for Appointed Counsel
Page 4 of 4
Case 3:23-cv-00060-SLG   Document 10   Filed 09/15/23   Page 4 of 4